THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDY A. HOUCK, individually and
as the Executor of the Estate of
Douglas C. Houck,

:CIVIL ACTION NO. 3:19-CV-275
: (JUDGE MARIANI)

       Plaintiff,

v.

WLX, LLC,

       Defendant.

## MEMORANDUM OPINION
## I. INTRODUCTION

Here the Court considers the Motion of Defendant, WLX, LLC, Pursuant to F.R.Civ.P. 12(b)(6), to Dismiss Punitive Damages Claims (Doc. 6). The above-captioned matter is a diversity action brought by Randy A. Houck ("Plaintiff"), individually and as the Executor of the Estate of his father, Douglas C. Houck, who died as a result of an accident in which a piece of a tractor-trailer called a "ratchet binder" dislodged from the tractor-trailer owned by Defendant WLX, LLC ("Defendant") and driven by Zachary Smith, and penetrated Douglas Houck's windshield, striking him in the face and causing fatal injuries. (Doc. 1 ¶¶ 2, 12, 15, 35, 37.) With the motion Defendant asserts that, under Pennsylvania law, the averments of the Complaint fail to state a claim for punitive damages. (Id. ¶ 14.) For the reasons that follow, the Court will deny Defendant's motion without prejudice.

## II. BACKGROUND

Plaintiff filed a six-count Complaint on February 15, 2019, asserting Wrongful Death Action and Survival Action claims arising from Douglas Houck's death on November 27, 2017. (Doc. 1 ¶¶ 46-88.) Plaintiff's Prayer for Relief includes a request for an award of punitive damages. (*Id.* at 24-25, § 6(6).)

The Complaint alleges that the accident occurred when a ratchet binder came off the step-back trailer bed and penetrated the windshield of Douglas Houck's pickup truck as a result of WLX's and its employees/agents' negligence. (Doc. 8 at 2 (citing Doc. 1 ¶¶ 50, 59, 67, 76, 81, 86).) The Complaint also contains numerous allegations regarding the trailer's cargo securement devices. (Doc. 1 ¶¶ 16-25, 28-31.) The trailer was equipped with cargo securement devices which consisted of a double-L ratchet binder, a nylon strap, and a clip. (*Id.* ¶¶ 16-17.) The ratchet binders and clips rode on slide rails mounted to the underside of the flatbed. (*Id.* ¶ 18.) The ratchet binders were on the driver's side of the trailer, and the clips were on the curb side of the trailer. (*Id.* ¶ 19.) To prevent the ratchet binders from sliding off the rail, stops must be installed and secured at both ends of the rail. (*Id.* ¶ 20.) If the stops are not installed and properly secured, a ratchet binder will slide off the rail while the trailer is in transit. (*Id.* ¶ 21.) If improper rail stops are used, they could give way while the trailer is in transit and allow a ratchet binding to slide off the rail. (*Id.* ¶ 22.) Defendant, Smith, and the individual(s) who performed maintenance or repairs on the trailer knew that proper rails stops must be installed and secured to prevent a ratchet binder from sliding off

the rail while the trailer is in transit. (*Id.* ¶¶ 23-25.) In securing the load of angle iron and steel joists which he was carrying on November 27, 2017, Smith did not use all of the ratchet binders. (*Id.* ¶ 28.) Plaintiff presents three alternatives regarding rail stops: Smith was operating the trailer without rail stops installed at the end of the rails; Smith was operating the trailer with rail stops that were not properly secured at the ends of the rails; or Smith was operating the trailer with rails stops that were deficient and should not have been used. (*Id.* ¶¶ 29-31.)

Defendant filed the motion under consideration and supporting brief on April 17, 2019. (Docs. 6, 7.) Plaintiff filed a brief in opposition to the motion on May 1, 2019. (Doc. 8.) Defendant did not file a reply brief and the time for doing so has passed. Therefore, this matter is ripe for disposition.

### III. STANDARD OF REVIEW

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement

3

to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, alterations, and quotations marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Labs.*, 707 F.3d 223, 231 n.14 (3d Cir. 2013) (internal citation, alteration, and quotation marks omitted). Thus, "the presumption of truth attaches only to those allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.'" *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.*

"Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal citation omitted) (first quoting *Twombly*, 550 U.S. at 556; then quoting *Iqbal*, 556 U.S. at 678). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 786-87 (quoting *Iqbal*, 556 U.S. 679).

## IV. ANALYSIS

Defendant asserts that the Court should dismiss Plaintiffs claims for punitive damages with prejudice because

> [t]he allegations of the Complaint do not contend, or support the contention, that the actions of Smith, or the individual or individuals who performed maintenance or repairs on the step-deck flatbed trailer hauled by Zachary Smith on November 27, 2017 or "employees, agents, apparent agents, servants, and/or officers, ostensible or otherwise" of WLX were intentional, reckless, malicious or due to an evil motive. Nevertheless, the Complaint contains a claim for punitive damages against WLX, LLC.

(Doc. 7 at 3-4.) Plaintiff responds that the Complaint contains sufficient allegations to establish a claim for punitive damages. (Doc. 8 at 7.) The Court concludes that Defendant has not shown that Plaintiff's Complaint does not allege enough facts to state a plausible claim for punitive damages, and, therefore, the Motion of Defendant, WLX, LLC, Pursuant to F.R.Civ.P. 12(b)(6), to Dismiss Punitive Damages Claims (Doc. 6) is properly denied.

"[P]unitive damages are awarded only for outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others." *SHV Coal, Inc. v. Cont'l Grain Co.*, 587 A.2d 702, 705 (Pa. 1991) (internal citations and quotation marks omitted). "The purpose of punitive damages is to punish a tortfeasor for outrageous conduct and to deter him or others like him from similar conduct." *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 770 (2005) (citing *Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800, 803 (1989); Restatement (Second) of Torts § 908 (1)). Hutchison added that the Supreme Court of Pennsylvania "has stressed that, when assessing the propriety of the

imposition of punitive damages, '[t]he state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious.'" *Id.* (quoting *Feld v. Merriam*, 485 A.2d 742, 747 (1984).

The Court concludes that it is premature to dismiss the claim for punitive damages before discovery can reveal the presence or absence of conduct evidencing the requisite improper motive or reckless indifference on the part of Defendant and its agents. Defendant correctly maintains that "there must be evidence 'of reckless indifference to the rights of other and conscious action in deliberate disregard of them," (Doc. 7 at 6 (citing *Martin v. Johns-Manville Corp.*, 494 A.2d 1088, 1098, n.14 (Pa. 1985)).) Defendant also properly identifies the showing needed to succeed on a claim for punitive damages: "a punitive damages claim 'must establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act . . . in conscious disregard of that risk.'" (Doc. 7 at 7 (quoting *Hutchison*, 870 A.2d at 770).) However, Defendant points to no authority which supports the proposition that the requisite state of mind must be evident in the complaint.

Although Defendant states that "there is no plausible claim that it, or anyone for whom it may be vicariously liable, had a subjective appreciation of the risk of harm to the decedent or that they acted, or failed to act, in conscious disregard of a known risk" (Doc. 7 at 7-8), subjective appreciation would be a matter explored through discovery as would actions or inactions on the part of those for whom Defendant may be directly or vicariously

6

liable. Similarly, what may constitute a known risk regarding the cargo securing devices at issue in this case is also a matter for discovery. Here the Complaint contains allegations which, if proven, plausibly show reckless indifference to the safety of others in that the importance of properly securing a load of angle iron and steel joists cannot be disputed and the requisite degree of culpability for any deficiency related to securing the cargo in this case could plausibly be found in any of the three alternative scenarios regarding the rail stops set out in the Complaint (Doc. 1 ¶¶ 29-31).

## V. CONCLUSION

For the reasons discussed above, the Motion of Defendant, WLX, LLC, Pursuant to F.R.Civ.P. 12(b)(6), to Dismiss Punitive Damages Claims (Doc. 6) will be denied without prejudice to Defendant seeking summary judgment on Plaintiff's punitive damages claims upon completion of discovery. An appropriate Order is filed simultaneously with this Memorandum Opinion.

Robert D. Mariani
United States District Judge